**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLAUDIA HOLLIE, *et al*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-CV-3339** |
| | § | |
| **CITY OF BRYAN, *et al*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ADOPTING MEMORANDUM AND ORDER

Pending before the Court in the above referenced proceeding is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #15); Judge Stacy's Memorandum and Recommendation (Doc. #46) that the Court grant the Defendants' Motion for Summary Judgment; and Plaintiffs' Objections (Doc. #49) to the Memorandum and Recommendation (M&R).

The Court has reviewed the case, *de novo*, and agrees with the Magistrate Judge's conclusion that Plaintiff has not raised a genuine issue of material fact on her discrimination or retaliations claims.

Plaintiffs complaint that the Magistrate Judge made a credibility finding in the M&R and wrongfully chose to believe Defendants' 'evidence' rather than Plaintiffs'.

> "Officer Dusin Seelig knew or highly suspected Johnny Hall Jr. (Johnny) had ingested a well-known poison-cocaine-but did not take Johnny to the hospital which resulted in Johnny's death. <u>Instead of taking as true plaintiff's set of facts, the magistrate relied of defendants' set of facts</u>"

(Doc. #49, p.1 emphasis added)

Later plaintiffs complain that:

> The M&R relies almost inclusively upon defendants' recitation of facts and hearsay police reports. Plaintiffs object to defendants' recitation of the facts, all

1 / 4

by interested witnesses, in its motion for summary judgment insofar as were in conflict with Plaintiffs' facts asserted and summary judgment evidence provided and the reasonable inferences in a light most favorable to plaintiff. *Tolan v. Cotton*, 572 U.S. at ___, 513-551 (2014).

\* \* \*

The motion to dismiss must be decided wholly on plaintiff's complaint allegations. FRCP 12(d). In considering facts, this Court may base its decision on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir.2004).

(Doc. 49, pp 5,7).

The Plaintiffs apparently still labor under the misconception that the Magistrate Judge was ruling on a motion to dismiss – in which case she would have had to accept all of plaintiffs' factual assertions as being true. This is not the case.

The Motion to Dismiss was converted to a Motion for Summary Judgment. Notice to this effect was timely given on April 3, 2019. (Doc. #40). That notice was, no doubt, given because the Defendants', in their motion to dismiss, included as exhibits various business records proven up as such by affidavit.[1] Having been converted to a motion for summary judgment, Plaintiffs had the burden to raise issues of material fact by admissible evidence. *Celetex Corp. v Catrett*, 1066 S. Ct. 2548, 2553 (1986). The Plaintiffs failed in this regard. Instead of providing any appropriate summary judgment evidence that would raise a fact issue, they relied on their assertions in the complaint and unproven exhibits.

---

[1] While the Plaintiffs brought forth no evidence, the Defendants filed what appears to be their entire file proven up as a business record. Both the Plaintiffs', the Defendants' and the Magistrate Judge's recitation of the facts appear to be derived from this. Plaintiffs did not object to the inclusion or consideration of these documents, despite the fact that many of the statements contained therein are arguably hearsay within hearsay and, as such, the accompanying business record affidavit only cures the first layer of hearsay. Nevertheless, since no objections were lodged, such statements may be considered by the finder of fact. *See, Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir 2012); *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275 (5th Cir. 1998). More importantly, even if one discounts the entire package which contains the evidence offered by the defense, the conclusion of the Magistrate Judge is still correct because, under *Celotex*, the burden to establish a fact issue lies solely with the Plaintiffs – a burden with which they failed to comply.

Plaintiffs objections in this regard are frivolous and they totally failed to comply with rules governing summary judgments. To blame the Magistrate Judge for enforcing those rules is completely without merit.

Their only other complaint is also meritless. They state:

> While the magistrate's M&R glosses over plaintiffs' reliance on the 8th Amendment plaintiffs wrote in their response to the summary judgment motion that: *"Plaintiffs will file for leave to amend their Original Complaint within seven (7) days of their filing of this response. Plaintiffs' First Amended Complaint will, inter alia, explicitly include 14th amendment language, despite volitions of Mr. Hall's 14th Amendment rights already being well plead through the allegations in Plaintiff's' Original Complaint and incorporated through 42 U.S.C § 1983."* More importantly the Rules only require a "short plain statement" and formalistic "causes of action" are not necessary to state a claim. Plaintiffs have filed a motion for leave to amend the complaint adding the 14th Amendment.

The Court initially notes that Plaintiffs' reliance on the Eight Amendment is frivolous. The Eighth Amendment does not apply to pre-conviction treatment of an arrested suspect. *City of Revere v. Massachusetts General Hospital*, 463 US 239, 244 (1983). More importantly the Magistrate Judge gave Plaintiffs leave to amend their Complaint if they did so by February 8, 2019 (Doc. # 36). They did not do so.[2]

Instead they wait until April 20, 2019 – over two weeks after the M&R was issued to finally try to amend their otherwise defective pleadings. Blaming the Magistrate Judge for their own failure to amend timely, or their failure to provide proper summary judgment evidence is not a proper objection to the M&R. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Objections (Doc. #49) are **OVERRULED**; the Memorandum and Recommendation (Doc. #46) is **ADOPTED**; and Defendants' Motion for Summary Judgment (Doc. 15) is **GRANTED**. All other motions are denied as moot. It is further

---

[2] The Court notes that on at least one occasion the Magistrate Judge gave Plaintiffs an extension of time so as to accommodate their response to the Defendants' motion (Doc. #44).

3 / 4

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Entry of this Order shall constitute entry of **Final Judgment**.

SIGNED at Houston, Texas, this ___31st___ day of May, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE